■ In the Matter of RAYMOND CORTEZ, Petitioner, v JAMES F. RECORE, as Director of Temporary Release Programs, Respondent. [650 NYS2d 39] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was serving a term of incarceration at Esmor Residential Treatment Center, following his conviction of the crime of criminal possession of a controlled substance in the third degree, when he was released on a weekend furlough. One day later, however, it was determined that petitioner could not be reached by telephone to answer the contact and curfew calls that were a condition of his temporary release. Petitioner was subsequently found guilty of violating the prison disciplinary rules that prohibit an inmate from exceeding release time, violating temporary release rules and absconding. Our review leads to the conclusion that there is substantial evidence to support the finding that petitioner violated the temporary release rule that requires an inmate to be available to receive telephone calls from the facility at predesignated times throughout his furlough. There is, however, insufficient evidence to support the finding that petitioner is guilty of exceeding his release time or absconding. After telephoning Esmor the morning after he could not be reached, petitioner complied with the order to immediately present himself at a nearby correctional facility, rather than Esmor. Petitioner should not be charged with exceeding his release time or absconding when he voluntarily returned to custody seven hours before the originally scheduled return time and was, as a result, precluded from returning to Esmor in timely fashion. We conclude that there is insufficient evidence to support the finding that petitioner is guilty of either exceeding his release time or absconding (*see, Matter of Ray v Coughlin*, 226 AD2d 846). The determination of petitioner's guilt of these two charges should be expunged from his record and the matter resubmitted to the Temporary Release Committee for reconsideration of petitioner's eligibility.

Mikoll, J. P., Mercure, White, Casey and Spain, JJ., concur. Adjudged that the determination is modified, without costs, by

annulling so much thereof as found petitioner guilty of violating prison disciplinary rule Nos. 108.12 (7 NYCRR 270.2 [B] [9] [iii] [exceeding release time]) and 108.15 (7 NYCRR 270.2 [B] [9] [vi] [absconding]); determination of petitioner's guilt of these charges is directed to be expunged from petitioner's record and matter remitted to the Temporary Release Committee for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.